(April 27, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GODFREY G. BROWN, on Behalf of MARK BROWN, Petitioner, v MICHAEL JACOBSON, Respondent. [698 NYS2d 493] —Writ of habeas corpus in the nature of an application to reinstate bail in the sum of $7,500 upon Queens County Indictment No. 176/98, or to release Mark Brown upon his own recognizance.

Adjudged that the writ is sustained, without costs or disbursements, to the extent of reinstating bail on Queens County Indictment No. 176/98 in the sum of $7,500. In the event that the previously-posted bail has been exonerated, bail in the sum of $7,500 may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative, and the writ is otherwise denied. Krausman, J. P., McGinity, Feuerstein, and Smith, JJ., concur.

(April 30, 1999)

1   In the Matter of FRANCIS X. McQUADE, Respondent, v BOARD OF ELECTIONS OF THE COUNTY OF NASSAU et al., Respondents, and RICHARD BLUM, Appellant. [697 NYS2d 624] —In a proceeding pursuant to Election Law article 16 to annul a determination of the Board of Elections of the County of Nassau, dated April 20, 1999, which denied the petitioner's request to appoint inspectors pursuant to Election Law § 8-407 to supervise the casting of absentee ballots at nursing homes and residential health care facilities for a special election to be held on May 4, 1999, the appeal is from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered April 27, 1999, which granted the petition, annulled the determination, and directed the Board of Elections to appoint the inspectors.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is reinstated, and the proceeding is dismissed on the merits.

The refusal of the Board of Elections to appoint inspectors pursuant to Election Law § 8-407 was not arbitrary, capricious, or contrary to law (see, Matter of Colton v Berman, 21 NY2d 322, 329). Election Law § 8-407(1) provides that a board of elections "may", by resolution, appoint inspectors to supervise the absentee balloting in nursing homes and residential health care facilities. The language of the statute as to whether to appoint inspectors is permissive, not mandatory. S. Miller, J. P., Sullivan, Joy, and Goldstein, JJ., concur.